Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jennifer A. Grady, State Bar No. 256201
E-Mail: jagrady@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants COUNTY OF LOS ANGELES,
DEPUTY ERMINA McKELVY, DEPUTY MARK COLLINS,
SGT. CHRIS MEADOWS and SGT. AUGIE PANDO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAMES L. SPINKS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFFS DEPARTMENT, Deputy ERMINA MCKELVY #413287, individually and as a peace officer, DEPUTY MARK COLLINS #515592, individually and as a peace officer, Sgt. CHRIS MEADOWS #434144, individually and as a peace officer, SGT. AUGIE PANDO #110598 individually and as a peace officer, DOES 1-10 .<br><br>  Defendants. | CASE NO. CV 10-07432 JFW (JEMx)<br><br>**DISCOVERY MATTER**<br><br>[Discovery Matters Assigned to John. E. McDermott, Magistrate Judge]<br><br>**[PROPOSED] PROTECTIVE ORDER FOR PRODUCTION OF CONFIDENTIAL MATERIAL**<br><br>[Assigned to Hon. John F. Walter, Department 16]<br><br>**Trial Date:** December 13, 2011 |

Subject to the approval of this Court, the parties, plaintiff JAMES L. SPINKS, by and through his attorney of record, Thomas E. Beck of The Beck Law Firm, and defendants COUNTY OF LOS ANGELES (COLA), DEPUTY MARK COLLINS, DEPUTY ERMINA McKELVY, SERGEANT CHRISTIAN MEADOWS, and SERGEANT AUGIE PANDO, by and through their attorneys of record, Thomas C. Hurrell and Jennifer A. Grady of Hurrell Cantrall LLP, hereby

stipulate for entry of the following Protective Order:

1. In connection with informal or formal disclosure of documents and other materials in this action (including, but not limited to, those specified in Fed.R.Civ.P. 26(a)(1)(A)(ii) and 34(a)(1)(A) and (B)), and, in connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public, and which contains private, personal, proprietary, or otherwise sensitive information, the disclosure of which may have the effect of causing harm to the parties or other entities or persons.

By designating a document, thing, material, testimony, or other information derived therefrom as Confidential under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

**GOOD CAUSE STATEMENT:**

2. Good cause exists for entry of this Order. As for defendants, they expect to produce, among other things, materials comprising internal reports, County of Los Angeles (COLA) policies, investigative documents, and other documentation regarding the subject of this action, which COLA believes in good faith constitute or embody Confidential information, personnel records, and/or other materials that are entitled to privileges and/or protections against discovery or disclosure by the United States Constitution, First Amendment; the California Constitution, Article I, Section 1; California *Penal Code* Sections 832.5, 832.7 and 832.8; California *Evidence Code* Sections 1040 and 1043 *et. seq*; the Official Information Privilege; the right to privacy; and decisional law relating to such provisions, which matter is not generally known and which COLA would not voluntarily reveal to third parties and therefore is entitled to heightened protection

1 from disclosure, are to be designated as "Confidential Material."

2 In addition, these materials contain the names and other identifying information of law enforcement personnel on unrelated matters that preceded or post-dated the incident. Limiting disclosure of their identities to the context of this litigation as provided herein will, accordingly, further important law-enforcement objectives and interests.

3. Confidential documents shall be so designated by stamping copies of the document or material produced by a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document or any multi-volume material, shall designate all pages of the document and all volumes of the material as Confidential, unless otherwise indicted by the producing party.

4. Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

5. Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Material shall be used solely for the purpose of litigating this action, and for no other action or purpose.

6. Confidential Material produced in this action may be disclosed or made available to the following persons (hereinafter "Qualified Persons"):

    a. Each lawyer for a party in this action, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including paralegals, assistants, law clerks, secretaries, and document clerks;

b.  Each party, partner, officer, director, agent, or employee of a party deemed necessary by counsel to work on this action;

c.  Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

d.  Any party-affiliated witness in preparation for his or her deposition or testimony at trial or a hearing in this litigation;

e.  Mediators, arbitrators, or similar outside parties and their staff enlisted by all parties to assist in the resolution of this litigation;

f.  The Court and its personnel; and

g.  Court reporters and stenographers employed in this action.

Prior to receiving any Confidential Material, Qualified Persons identified in Paragraphs 6b, 6c, 6d, and 6e above shall execute a nondisclosure agreement in the form of Appendix "A", attached hereto, a copy of which shall be provided to counsel for each other party within ten (10) days.

7.  The parties may further designate certain documents, materials, or testimony of a highly confidential, sensitive, or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), which may be disclosed only to Qualified Persons identified in Paragraphs 6a, 6c, 6d, 6e, 6f, and 6g, but shall not be disclosed to Qualified Persons identified in Paragraph 6b.  If disclosure of "Attorney's Eyes Only Material" is made, all other provisions of this Stipulation shall also apply.

8.  Any party intending to file any material that constitutes or contains Confidential Material or Attorney's Eyes Only Material shall file it under seal in compliance with Central District Local Rule 79-5.1.

-4-

9. This Order shall not impose any restrictions on the use of or disclosure by a party of Confidential Material or Attorney's Eyes Only Material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material or Attorney's Eyes Only Material as it deems appropriate.

10. The manner or presentation and use of Confidential or Attorney's Eyes Only Information at trial will be addressed by the trial judge. The Parties reserve the right to move the Court for specific treatment of Confidential or Attorney's Eyes Only Information during Court hearings or trial.

11. This Order shall be without prejudice to the right of a party (i) to bring before the Court at any time the question of whether any particular document or material is confidential or whether its use should be restricted, provided however, that such document or material shall remain confidential and its use restricted, as provided for herein, until such time as the court has ruled on the question presented, or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document, material, or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

13. Within sixty (60) days after the conclusion of this action, including any appeals, a party to whom Confidential Material or Attorney's Eyes Only Material

1 | has been produced shall return all such material, including copies thereof, to the
2 | producing party.
3 |     14. This Order shall survive the conclusion of this action, including any
4 | appeals, to the extent that information comprising or contained in Confidential
5 | Material or Attorney's Eyes Only Material does not become public. The Court shall
6 | retain jurisdiction to resolve any dispute concerning compliance with the terms and
7 | conditions of this Order, including any alleged violation thereof.
8 |     **APPROVED AND SO ORDERED:**
9 |
10 | DATED: August 29, 2011      */s/John E. McDermott*
    HON. JOHN E. McDERMOTT
11 |     United States Magistrate Judge

# APPENDIX "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have read and understand the Stipulation for Protective Order and Protective Order of the United States District Court, Central District of California, entered on the _____ day of August, 2011, in the case of *James L. Spinks v. County of Los Angeles, et al.*, Case No. CV 10-07432 JFW (JEMx).  A copy of the Stipulation for Protective Order and Protective Order has been delivered to me with my copy of this Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality Agreement").  I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Stipulation for Protective Order and Protective Order and hereby agree not to use or disclose the Confidential Material (as defined by that Order) disclosed to me, except for purposes of this litigation as required by the Stipulation for Protective Order and Protective Order.  I further agree and attest to my understanding that a breach of this Confidentiality Agreement may be directly actionable, at law and equity, and may constitute a violation of the Stipulation for Protective Order and Protective Order, and I further agree that in the event I fail to abide by the terms of the Stipulation for Protective Order and Protective Order, or if I disclose or make use of any Confidential information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.  I further agree to submit to the jurisdiction of the United States District Court, Central District of California and the Los Angeles Superior Court for

/ / /
/ / /
/ / /
/ / /
/ / /

the purpose of enforcing the terms of this Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated:_____  _____
Signature

_____
Name (Printed)

_____
Street Address

_____
City                State                Zip

_____
Occupation or Business

_____
Role in Case No. CV 10-07432 JFW (JEMx)