| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

### CIVIL MINUTES -- GENERAL

Case No.   **CV 10-7432-JFW (JEMx)**                                    Date:  November 23, 2011

Title:     James L. Spinks -v- Country of Los Angeles, et al.

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER DISMISSING ACTION WITHOUT PREJUDICE
                                                            FOR FAILURE TO COMPLY WITH COURT ORDER

      In light of counsel's repeated and continued disregard of the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the Court's Orders,  the Court rules as follows:

**I.     PROCEDURAL BACKGROUND**

      Plaintiff filed this action in October 2010, alleging the following claims for relief in his First Amended Complaint:  (1) excessive force, false arrest, malicious prosecution, and conspiracy under 42 U.S.C. § 1983; (2) a *Monell* claim (municipal policy and custom claim); (3) assault and battery; (4) false arrest; (5) tort in essence; (6) intentional infliction of emotional distress; and (7) violation of the California Civil Rights Act, Cal. Civil Code § 52.1.  Plaintiff claims that he is entitled to compensatory damages in the amount of $4,441.50.

      On November 8, 2011, the Court granted Defendants' Motion for Summary Adjudication with respect to Plaintiff's malicious prosecution, conspiracy, *Monell,* and tort in essence claims. The Pretrial Conference is scheduled for December 2, 2011, and the trial is scheduled for December 13, 2011.

**II.    LEGAL STANDARD**

      Federal Rule of Civil Procedure 16(f)(1) provides:

      On motion, or on its own, the court may issue any just orders, including those
      authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;
(B) is substantially unprepared to participate -- or does not participate in good faith -- in the conference; or
(C) fails to obey a scheduling or other pretrial order.

The sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii) include: (1) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (2) striking pleadings in whole or in part; (3) staying further proceedings until the order is obeyed; (4) dismissing the action or proceeding in whole or in part; (5) rendering a default judgment against the disobedient party; or (6) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vi).

In determining whether a case-dispositive sanction is just, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* The test is not mechanical. Indeed, not all five factors must be satisfied in order for the Court to issue case-dispositive sanctions. *Id.* "What is most critical for case-dispositive sanctions . . . is whether the [ ] violations threaten to interfere with the rightful decision of the case." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quotations and citations omitted).

### III. DISCUSSION

Pursuant to the Court's Scheduling and Case Management Order ("CMO") filed on March 28, 2011, the parties were ordered to file a Pre-Trial Conference Order; Motions in Limine; Memorandum of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; Status Report re: Settlement; Agreed Upon Set of Jury Instructions and Verdict Forms; and Joint Statement re: Disputed Instructions, Verdicts, etc. ("Pre-Trial Documents") by November 21, 2011. However, rather than fully comply with the Court's order in connection with these filings, Plaintiff's counsel, Thomas E. Beck, violated numerous basic rules that are necessary to ensure that cases proceed to trial in an orderly and timely fashion. These rules are derived from the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the Court's CMO. Specifically, Mr. Beck has disregarded and violated the rules and Court's CMO by:

- failing to prepare or file a joint set of jury instructions, verdict form, or joint memorandum of law in violation of the CMO, despite Defendants' multiple attempts to gain his cooperation;

- failing to fully cooperate in, or properly prepare, the Final Pretrial Conference Order in violation of the CMO and Local Rule 16-7 and 16-7.2 at Appendix A, including, for example, by failing to include the elements required to establish each of Plaintiff's

       claims, failing to list the key evidence Plaintiff relies on for each of his claims, failing to list any law and motion matters and motions in limine contemplated by Plaintiff, and failing to present his position on bifurcation of issues for trial;

- failing to file Plaintiff's Motion in Limine No. 1 jointly, and failing to provide Defendants with an opportunity to timely respond in violation of the CMO;

- failing to provide Defendants with Plaintiff's contentions and memorandum of points and authorities in opposition to Defendants' Joint Motion in Limine No. 2 in violation of the CMO;

- filing an untimely, inadequate, and boilerplate Memorandum of Contentions of Fact and Law in violation of the CMO and Local Rule 16-4; and

- failing to deliver timely courtesy copies in violation of the Court's CMO and Standing Order.

      Counsel's conduct has frustrated the Court's ability to manage its docket, the purpose of Rule 16, and the parties' ability to resolve this action in a fair manner. Rule 16 is designed to help remove extraneous disputes from the case and serves to expedite the determination of the merits, thereby saving time and expense for litigants and ease the burden on the courts by facilitating the handling of congested dockets.

      This is not the first time in this action that Plaintiff's counsel has disregarded and violated the Local Rules and Court's CMO. For example, Plaintiff's counsel filed his Opposition to Defendants' Motion for Summary Adjudication after the deadline in the CMO and failed to comply with the Court's requirements in the CMO regarding the filing of the Statement of Genuine Issues of Material Fact. Plaintiff's counsel also filed an untimely Motion to Compel Discovery that was stricken by the Magistrate Judge.

      The Court concludes that the governing five-factor test warrants dismissal of this action. "The first two factors, the public interest in expeditions resolution of litigation and the court's need to manage its docket, always weigh in favor of dismissal." *Chatman v. Johnson*, 2008 WL 5412212, at * 2 (E.D. Cal. Dec. 30, 2008) (citing *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). Although public policy favors decisions on the merits, "where a plaintiff has stalled or unreasonably delayed resolution of the case by failing to comply with deadlines and discovery obligations, this favor is significantly diminished." *Dawson v. County of Los Angeles*, 2011 WL 2173656, at *8 (C.D. Cal. June 2, 2011). Moreover, Defendants have clearly been prejudiced by Mr. Beck's actions. Defendants have made good faith attempts to participate in this litigation and to comply with the Court's orders. Defendants have wasted much time and effort in attempting to gain Mr. Beck's cooperation and have been unable to properly prepare for the impending trial on December 13, 2011. The Court has considered the availability of less drastic sanctions, but concludes that Mr. Beck's complete lack of respect for this Court's orders, rules, and

procedures, warrants dismissal of this action.[1]  Furthermore, "[w]arning a plaintiff that failure to take steps towards resolution of his action on the merits will result in dismissal satisfies the requirement the court consider alternatives."  *Chatman*, 2008 WL 5412212, at *3.  In this case, the Court specifically warned Plaintiff's counsel in the CMO:

> If counsel fail to cooperate in the preparation of the required Pre-Trial documents, fail to file the required Pre-Trial documents, or fail to appear at the Pre-Trial Conference and such failure is not otherwise satisfactorily explained to the Court . . . the cause shall stand dismissed for failure to prosecute if such failure occurs on the part of the plaintiff . . . .

CMO at p. 32.  Plaintiff's counsel has never made any request to modify any of the requirements of the CMO, and has made absolutely no attempt to explain his failure to comply with the CMO or to fully cooperate in the preparation of the required Pre-Trial documents.  Instead, Mr. Beck simply files documents whenever he pleases in whatever form he pleases, which is inconsistent with the facilitation of the "just, speedy, and inexpensive disposition of the action."  Fed. R. Civ. P. 16(c)(2)(P); *see also*  Fed. R. Civ. P. 1.

As a result of Mr. Beck's almost complete disregard of the Court's CMO and the Local Rules, this action is **DISMISSED without prejudice**.

IT IS SO ORDERED.

---

[1] The Court also notes that this is not the first action before this Court in which Mr. Beck has demonstrated a lack of respect for the Court's orders and the Local Rules.  *See Kevin Slape -v- City of Long Beach, et al.*, Case. No. CV 00-12861-JFW at Docket Nos. 36, 50 (dismissing action for Mr. Beck's repeated failure to timely lodge and/or file all of the required pre-trial documents).